O C. D.       CIRCUIT COURTS.       337

State ex. rel. Goff v. Board of Ed.

## SCHOOLS.

[Hamilton Circuit Court, 1901.]

### STATE EX REL. GOFF v. BOARD OF ED.

1. ACT AS TO PAYMENT OF TUITION OF HIGH SCHOOL PUPILS, DIRECTORY.

The act of April 14, 1900, amending Secs. 4029–1, Rev. Stat. *et seq.*, and providing among other things for the payment by the board of education of a township of the tuition of pupils of that township attending high school in the same or in an adjoining county is directory and not mandatory.

2. USE OF WORD "SHALL"—NOT MANDATORY.

The word "shall" in the act of April 14, 1900, Secs. 4029–1–2–3, Rev. Stat., relating to the payment of tuition of students attending high school in townships other than that in which they reside, does not make the act mandatory, no provision being made for the levying of taxes to meet such expense, and it being contrary to reason and the constitution to require the payment of such expense from funds levied for the common schools, and especially in cases where such depletion would impair the usefulness of the latter.

APPEAL.

*R. A. LeBlond* and *Fred L. Hoffman*, for the relator.
*Louis Reemelin* and *H. H. Hosbrook*, contra.

SWING, J.

We are of the opinion that Sec. 4029–1–2–3, Rev. Stat., construed together is directory and not mandatory. The language of Sec. 4029–1, as amended April 14, 1900, is certainly mandatory, but the third subdivision of said section remains, and it certainly is directory. To construe this section as mandatory for the sole reason that the word "shall" is used, when the statute makes no provision for the levying of taxes for the payment of this particular obligation, and when the effect might be, as in this case, to take from the funds levied for the common schools of said districts amounts sufficient to very seriously impair their usefulness, would be unwarranted. No conclusion of this kind should be reached except from necessity, for the common schools have their foundation in the constitution and the legislature is commanded to provide for their maintenance; and while high schools under the constitution are to be encouraged as a means of education, there is no mandatory provision as to their creation. Therefore it would not be reasonable to conclude that the legislature would pass a mandatory law, the effect of which would be that funds levied for the common schools should be devoted to high schools to such an extent as to injure the common schools. In order to make an act of this kind mandatory, it seems to us that the legislature should provide funds by taxation for this particular purpose, and otherwise make plain the duty to be performed by the officers charged with carrying out the law. These are wholly lacking in this law.

We therefore conclude that this law, being directory only, the writ should not issue in this case, and the petition will be dismissed.